**UNITED STATES of America, Appellee,**

v.

**Francis VARGAS, also known as Francisco Vargas Defendant–Appellant.**

No. 02–1780.

United States Court of Appeals, Second Circuit.

Dec. 12, 2003.

Roger J. Schwarz, New York, NY, for Appellant.

Roberto Finzi, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, Celeste L. Koeleveld, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: CARDAMONE, SACK, and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Francis Vargas was charged, under 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), & 846, with participating in a drug conspiracy. Vargas entered a guilty plea, the propriety of which is not questioned here. Vargas then moved for a downward departure in his sentence on the theory that his counsel had been ineffective in delaying to arrange a proffer session with the government, purportedly depriving Vargas of the opportunity to obtain a cooperation agreement and a potentially mitigated sentence. The district court, after holding an evidentiary hearing relating to the performance of Vargas's counsel, concluded that ineffective assistance had not been shown and that therefore no such downward departure was warranted.

In the district court, Vargas raised an alleged actual conflict of interest on the part of his previous counsel, and the ineffective assistance of that counsel respecting his sentence. The court, after a thorough hearing on these issues, decided against Vargas. Under these circumstances, the issues are ripe for us on appeal. *Cf. Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003).

These claims present mixed questions of law and fact that we review *de novo, Armienti v. United States,* 313 F.3d 807, 811 (2d Cir.2002); *United States v. Finley,* 245 F.3d 199, 204 (2d Cir.2001), while reviewing the district court's factual findings for clear error. Fed.R.Civ.P. 52(a).

Vargas argues (1) that his counsel suffered from an actual conflict of interest, and (2) that his counsel's conduct was ineffective under the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We agree with the district court that there is no factual basis for the assertion that previous counsel acted while burdened by an actual conflict. *See United States v. Moree,* 220 F.3d 65, 71 (2d Cir.2000). As for the *Strickland* test, 466 U.S. at 687–88, 104 S.Ct. 2052, the district court's decision rested on multiple factual findings, most notably a decision to credit the testimony of Vargas's lawyer as a basis for finding that Vargas, by placing certain conditions on his offer of cooperation, stood in the way of reaching an agreement with the government. Thus, in light of the fact that Vargas, by the conditions imposed, himself prevented a timely cooperation agreement, any errors on the part of Vargas's counsel were without prejudice to the defendant. After reviewing the record, we cannot conclude that the above factual findings were clearly erroneous, and in light of those findings, agree with the district court's application of *Strickland.*

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.